**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3848
_____

SCOTT TAYLOR; NEPTUNE DEVELOPMENT II, LLC,

v.

MEECORP CAPITAL MARKETS, LLC;
MICHAEL EDREI; DANIEL EDREI; AND DAVID ROGERS;

v.

PATRICK SHERWOOD

SCOTT TAYLOR,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-05954)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2010

Before: MCKEE, <u>Chief</u> <u>Judge</u>, FUENTES and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 30, 2010)

_____

OPINION

_____

PER CURIAM

Scott Taylor, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey granting summary judgment for Meecorp Capital Markets, LLC ("Meecorp") and dismissing this diversity action for breach of contract and other claims under New Jersey law, filed by Neptune Development II and Scott Taylor. We will affirm.

Scott Taylor, the appellant, and Patrick Sherwood are real estate developers and investors who are members of Neptune Development II, LLC, a commercial real estate development company. Meecorp is a commercial mortgage lending business. In early 2007, Neptune executed a loan commitment agreement with Meecorp for the purchase and development of a condominium complex in Panama City, Florida. Taylor and Sherwood signed the agreement as guarantors. The loan commitment agreement obligated Neptune to pay Meecorp a non-refundable fee of $930,000, a third of which ($310,000) was due at the execution of the loan commitment agreement. The remaining $620,000 was due at closing. According to the agreement, Neptune promised to provide Meecorp with certain collateral. Although Neptune made a timely payment of $310,000, it did not provide Meecorp with the promised collateral and did not pay the remaining

balance.  The loan did not close.

In December 2007, Taylor and Neptune filed a complaint against Meecorp alleging, among other things, breach of contract, fraud, unjust enrichment, and violation of the New Jersey Consumer Fraud Act.  Among other things, Neptune and Taylor claimed that Meecorp breached the agreement by failing to provide additional participants to the transaction by the time of closing.  Meecorp filed a third party complaint and counterclaim against Neptune, Taylor, and Sherwood, seeking its loan commitment fee of $620,000 and various reimbursement expenses, and alleging that it was Neptune who breached the agreement by failing to provide the promised collateral.  Meecorp also filed a motion for summary judgment seeking to dismiss all of Neptune, Taylor and Sherwood's claims and affirmative defenses as third party defendants.  Neptune, joined by Taylor and Sherwood, filed a motion for summary judgment seeking dismissal of Meecorp's affirmative claims.

On May 8, 2009, the District Court dismissed Neptune's affirmative claims and struck its answer to Meecorp's counterclaim because Neptune failed to obtain counsel. On August 24, 2009, the District Court granted Meecorp's summary judgment motion and denied the summary judgment motion filed by Neptune, Taylor and Sherwood.  Taylor alone appealed.  On October 7, 2009, the District Court entered a default judgment in the sum of $620,000 plus interest in Meecorp's favor and against Neptune.  Final judgment was entered on March 3, 2010.

We have jurisdiction to review the District Court's summary judgment order pursuant to 28 U.S.C. § 1291.[1]  We exercise plenary review over a District Court's grant of summary judgment pursuant to Fed. R. Civ. P. 56(c), and we apply the same standard that the District Court should have applied.  See Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006).  Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

After thorough review of Taylor's arguments on appeal, we conclude that the District Court properly granted summary judgment for Meecorp.  We agree with the District Court's conclusion and reasoning that, as an officer and member of Neptune and as a guarantor of the loan commitment agreement between Neptune and Meecorp, Taylor lacked standing under New Jersey law to sue individually for wrongs allegedly done to his company.  See Pepe v. Gen. Motors Acceptance Corp., 604 A.2d 194, 196 (N.J. Super. Ct. App. Div. 1992) (holding that, under New Jersey law, shareholders cannot sue

_____

[1] At the time Taylor filed his notice of appeal, the District Court had not disposed of all claims as to all parties.  On October 17, 2009, however, the District Court entered a default judgment against Neptune dismissing its outstanding affirmative claims and granting Meecorp's counterclaims against Neptune.  All claims against all parties have now been resolved and the matter is now properly before this Court pursuant to Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983).

4

individually for wrongs allegedly done to their corporations); Cent. Jersey Freightliner, Inc. v. Freightliner Corp., 987 F. Supp. 289, 301 (D.N.J. 1997) (holding that a shareholder lacks standing to recover damages suffered by his corporation).

As for Taylor's breach of contract claim, the District Court properly held that, according to the clear and unambiguous loan commitment agreement's terms, Meecorp earned the non-refundable loan commitment fee when the agreement was executed and that the balance of the non-refundable fee ($620,000) was due on the closing date. We agree with the District Court that, under the loan commitment agreement, Meecorp was entitled to the remainder of the loan commitment fee from Neptune.

Accordingly, we will affirm the judgment of the District Court.